IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV275

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JORICK MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the Plaintiff's Motion for Reconsideration of the court's November 16, 2010 Order denying in part its Motion for Summary Judgment. In its Order, the court found that there was a genuine issue of material fact as to Mr. Irvan's mental capacity to enter into the Operating Agreement and therefore, there was a question as to whether the Operating Agreement governed Mr. Nelson's authority to execute the promissory note.

For the first time, the Plaintiff clearly raises the argument that Mr. Irvan's mental capacity to enter into the Operating Agreement is irrelevant because it did not affect Nelson's agency authority to bind Jorick on the loan. Between its brief and reply in support of its Motion for Summary Judgment, Plaintiff invested a total of one short paragraph dealing with this issue, although in a rather vague manner.

Now that the court is able to clearly ascertain Plaintiff's position, the court will reconsider its conclusion. Plaintiff argues that regardless of whether the Operating Agreement was void, Nelson was a manager of Jorick, and thus authorized to bind Jorick by virtue of the provisions of the North Carolina Limited Liability Company Act ("LLC Act"). Nelson and Scott Lawrence executed Jorick's Articles of Organization, which stated that all members are

managers by virtue of their status as members. Moreover, the LLC Act provides that:

> Every manager is an agent of the limited liability company for the purpose of its business, and the act of every manager, including execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company of which he is a manager, binds the limited liability company, unless the manager so acting has in fact no authority to act for the limited liability company in the particular matter and the person with whom the manager is dealing has knowledge of the fact that the manger has no authority.

N.C. Gen. Stat. § 57C-3-23.

Citing Crouse v. Mineo, 189 N.C.App. 232, 658 S.E.2d 33 (2008), the Defendant points out that one's status as manager, and hence agent of the LLC, does not, in itself, give the agent unchecked apparent authority to bind the LLC. The court agrees. However, Crouse involved facts very different from the facts herein. In Crouse, one manager of the LLC filed a lawsuit against another manager to recover assets of the LLC allegedly misappropriated by the other manager. The court found that the filing of this action was not "carrying on in the usual way the business of the limited liability company." Id. at 239, 658 S.E.2d at 37-38, *quoting* N. C. Gen. Stat. § 57C-3-23. In contrast, borrowing money on behalf of a company is a routine activity apparently in the ordinary course of business.

Jorick argues that the validity of the Operating Agreement (as to which there is a genuine issue of material fact) must be decided by a jury before it can be determined whether Nelson was acting within the scope of his authority. If the Operating Agreement is valid, Jorick contends, its provisions may limit Nelson's authority. However, even if Nelson had no authority to act for Jorick under the Operating Agreement, Section 57C-3-23 requires that Jaehning have knowledge of the fact that Nelson, as manager, had no authority to bind Jorick by taking out a loan on its behalf. In its brief in opposition to the Motion for Summary Judgment, Defendant at one point speculates that "Jaehning may have even known" that Nelson would misappropriate the loan.

Such speculation is insufficient to raise a genuine issue of material fact. Defendant has produced no competent evidence that Jaehning knew that Nelson had no authority to take out the loan on behalf of Jorick. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration is hereby granted, and the court hereby grants the Plaintiff's Motion for Summary Judgment.

Signed: June 14, 2011

Graham C. Mullen
United States District Judge